UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:18-CR-248 |
| | : | |
| v. | : | (JUDGE JONES) |
| | : | |
| EARL T. COOK, JR., | : | (Electronically Filed) |
| | : | |
| Defendant. | : | |

SENTENCING MEMORANDUM OF THE UNITED STATES

COMES NOW, the United States of America, through its undersigned counsel and respectfully files this Sentencing Memorandum.

In his sentencing memorandum, the defendant reminds the Court there was a three-year period between the execution of the search warrant for his electronic devices and the filing of the Information and Plea Agreement in this case. That length of time was occasioned by the forensic examination of the electronic devices and review and categorization of the images found. The Government agrees the defendant was cooperative in the investigation, and his counsel periodically checked on the status of the investigation. That the defendant sought and received counselling and treatment during that

time is to his great credit.  When the forensic examination was complete, the defendant signed the plea agreement and entered a guilty plea to the Information filed against him.

All of these facts, combined with the defendant's particular circumstances, form the basis for his request for a downward variance from the advisory Guideline range of 121-151 months.  Those fact might well cause the Court to grant a downward variance.  The Government, however, asks the Court to keep in mind a few important matters.

First, the crime of knowing receipt of child pornography perpetuates the victimization of the often helpless subjects of this heinous crime.  Second, the time between execution of a search warrant and charges being filed is often necessary to properly complete an investigation.  That is especially so in child exploitation cases.  Whereas the statute of limitations for most federal offenses is five years, there is no statute of limitations for child exploitation offenses.  Third, the sentence imposed by this Court in this case must not only adequately punish this defendant, deter him from future criminal conduct, and promote his respect for the law, but also – and perhaps even more importantly – deter others from the same criminal conduct.  Finally,

despite any estimate of what resolution might have been reached by another sovereign faced with this case, the fact remains the defendant was charged federally.  The federal laws prohibiting child exploitation offenses are strict and impose severe penalties because the United States Congress and the United States Sentencing Commission have determined these offenses are deserving of such severe punishment.  That is one reason why the statutory mandatory minimum prison term for this offense is five years and Guidelines enhancement often result in high advisory sentencing ranges.

Although the particular circumstances of this defendant might well cause the Court to entertain a downward variance from the advisory Guideline range in this case, the ultimate sentence must meet all the objectives of sentencing and be no less than five years.

        Respectfully submitted,

        DAVID J. FREED
        UNITED STATES ATTORNEY

By:   /s/ *James T. Clancy*
        JAMES T. CLANCY
        ASSISTANT U.S. ATTORNEY
        PA54339
        James.Clancy@usdoj.gov
        228 WALNUT ST., STE. 220
        HARRISBURG, PA  17108
        717-221-4482; 717-221-4493 (f)

## CERTIFICATE OF SERVICE

Pursuant to Standing Order 03-1 and Local Rules 4.2 and 5.7, I hereby certify that the foregoing document was served through electronic case filing.

                      Respectfully submitted,

                      DAVID J. FREED
                      UNITED STATES ATTORNEY

By:   /s/ *James T. Clancy*
        JAMES T. CLANCY
        ASSISTANT U.S. ATTORNEY
        PA54339
        James.Clancy@usdoj.gov
        228 WALNUT ST., STE. 220
        HARRISBURG, PA  17108
        717-221-4482 (o)
        717-221-4493 (f)